# WASHINGTON COUNTY.

## September Term, 1793.

### STEPHEN PARR *v.* DAVID JONES.

THE declaration ſtated, that in conſideration of two books and ſilver ſpurs ſold to *Jones* by *Parr*, *Jones* promiſed to give to *Parr* a tract of land on *Grave* creek flats, then in the poſſeſſion of one *Tomlinſon*, but the property of *Jones*, and to pay *Parr* for all improvements, which he ſhould make on *Jones's* land; that *Parr* improved four years, made houſes, gardens, meadows, fences, &c. and that *Jones* did not furniſh the tract of land, nor pay for the improvements made, though requeſted.

*Brackenridge* opened the cafe for the defendant. The 1793.
*Indians* at the treaty of fort *Stanwix* ceded land to *Penn-*
*fylvania*, between the *Ohio*, the *Kanawa*, and *Laurelhill*,
within which they had previoufly granted large tracts to
feveral perfons, as to *George Croghan*, and to the *Indiana* *Ante p.* 9.
company, to recompence certain damage done to their
property, or to *Baynton*, *Wharton*, and *Morgan*, the prin-
cipal fufferers, for the ufe of themfelves and the others.
This grant not being efficient till confirmed by the
crown, they went to *England*, to have it confirmed ; but
the war breaking out, nothing was accomplifhed. In
1772, *Jones* had been employed by the *Indiana* company,
as an enterprifing man, and a clergyman, to endeavour
to form a fettlement on their lands, and for this fervice
he was to have an equivalent. One *Davis*, a young
clergyman, came with *Jones* for this purpofe ; but dying
by the way, he left it in charge on *Jones*, to provide
for *Parr*, his brother in law, (whom *Jones* had never
feen) a fettlement in the *Indiana* grant, with himfelf and
other fettlers. *Margaret Davis*, fifter and executrix of
*Davis*, the clergyman, gave *Jones*, as a memorial of her
brother's refpect for him, *Doddridge's* tranflation of the
New-Teftament, in two volumes, and a pair of filver
plated fpurs.

It was proved, that in 1772, *Jones*, having laid out
lots of 320 acres each, for the fettlers, and, among the
reft, one to *Parr*, *Tomlinfon* oppofed the fettlement.—
Whereupon *Jones* told *Parr*, that, till he could get pof-
feffion of his own lot, he might occupy and improve a
tract of land, which *Jones* had, and now holds, under
another right fince acquired, by patent from the ftate of
*Virginia*. *Parr* went on this land, built a fmall ftable,
and cleared about feven acres, of which one and a half
was meadow ground. *Jones* was to pay *Parr* for the
improvements he made, but the cleared land was never
meafured, nor any demand made of the compenfation —
*Parr* knew the fituation in which *Jones* acted, and the
ftate of the title to the land, to be as ftated by Mr.*Brac-
kenridge*. There was evidence, that the books and fpurs
were given as a prefent ; and, though this was flightly
impeached, yet no evidence was given, that they were a
confideration for felling or procuring a tract of land.

PRESIDENT. There are two promifes laid in the de-
claration :

1793.   1. To furnish *Parr* with a tract of land on *Grave-creek*;

2. To pay for improvements on *Jones's* tract, on which *Parr*, till he could get possession of his own, was permitted or desired to settle. For a breach of either or both of these promises, and of these only, damages may be given.

It appears, *Parr* understood the views and authority of *Jones*, and there is no appearance of deception. *Parr* knew the title under which *Jones* promised him the land, and knew, that, if that title failed, *Jones* had no other.—— *Jones* was but an agent. The consideration which he received from his employers, makes him answerable to them for his conduct, but does not make him liable to others as a principal.

1. Shall *Parr* have damages then, for not getting a title to the land? Not from *Jones*, for he was but an agent; nor from any body, for the title has failed, from a cause within the view of all the parties, and there is no absolute warranty.

2. Shall he have *Jones's* tract? It was not in the view of *Parr* to have this. If it had been, before he could receive *Jones's* tract, or damages instead of it, he must pay the purchase money; and *Jones* offers it on a reasonable compensation.

3. Shall he have the value of his labour? He ought first to have ascertained the quantity of land which he cleared, and have given notice of it to *Jones*, and demanded the price.

By consent there was a verdict for 7*l.* without costs.